OPINION
{¶ 1} Richard A. Gallagher is appealing from the decision of the Common Pleas Court of Clark County, following a bench trial, denying Mr. Gallagher's declaration that a partnership he was in had been dissolved and that he was then the sole owner of the assets of the business being conducted by the partnership. The defendants had filed a counterclaim requesting the appointment of a receiver to file an account of the partnership.
 {¶ 2} The facts of the case and the findings of the trial court are set forth concisely but in full in its judgment entry, as follows:
 {¶ 3} "In 1975 the Plaintiff and Defendants, along with Jorge del Aguila, who died in 1985, formed a partnership known as Parkfair Motel Company. A certificate for the partnership was recorded in the office of the Clark County Recorder on July 24, 1975. A copy of this certificate was admitted into evidence as defense Exhibit A. The purpose of the partnership, pursuant to the `Partnership Purpose Clause' found in Section 2 of Exhibit A, was `to purchase, own, and operate the Fairfax and Park Terrace Motels located in Springfield, Ohio.' In order to meet the initial financial requirements for the partnership, Jorge and Hilda del Aquila loaned to the partnership the sum of $50,000.00.
 {¶ 4} "In November of 1979 the partnership sold its assets by conveying the Fairfax Motel ninety-nine year leasehold to Shila, Inc. Subsequent to the sale of the assets, the $50,000.00 debt was paid in full to Jorga and Hilda del Aguila. Subsequent to the sale there was still a mortgage obligation owed on the motel to Fairfax Motel, Inc. Payments which were to be received from Shila, Inc. were to be used to cover the monthly mortgage payments to Fairfax Motel Inc.
 {¶ 5} "The Plaintiff's complaint asked the Court for a judgment declaring that the partnership known as Parkfair Motel Company has been dissolved and that all right title and interest in the assets of the partnership be declared his sole property. The Plaintiff alleges that after the sale of the partnership assets to Shila Inc., and the payment of the $50,000.00 debt to Jorga and Hilda del Aguila, the partners entered into a written partnership dissolution terminating all of the terms of the original partnership and leaving the Plaintiff solely responsible for any obligations still remaining pursuant to the mortgage with Fairfax Motel, Inc. The Defendants allege that no such dissolution of the partnership ever occurred.
 {¶ 6} "In 1979, the year the partnership sold its assets to Shila, Inc., Richard and Silvana Gallagher moved to the State of Florida. In 1983, their marriage was dissolved by order of a Florida court. The partnership was not mentioned in any of the Florida court's records.
 {¶ 7} "Further, in 1983 the Plaintiff returned to Springfield, Ohio after Shila, Inc. defaulted under the terms of its purchase agreement for the partnership assets. The Plaintiff took over the motel operations and all of its obligations. Since that time, the Plaintiff has managed to bring the motel back to a profit making operation.
 {¶ 8} "The Plaintiff, having not been able to introduce the written partnership dissolution, asked the court to declare the partnership to have been dissolved based upon the parties actions and/or inactions subsequent to the sale of the assets to Shila, Inc. in 1979. The Court finds that the Plaintiff has been the only member of the original partnership who has worked in the motel operation subsequent to taking the assets back from Shila, Inc. in 1983. Further, the Plaintiff has filed tax returns indicating that the business was a sole proprietorship. The Plaintiff took back the operations of the motel assets subsequent to the default by Shila, Inc. under the terms of the original sale, which allowed the partnership to recapture and operate the motel upon Shila, corporation's apparent abandonment of the operation.
 {¶ 9} "Under the Ohio Uniform Partnership Law, a partnership is not terminated upon dissolution if there are still partnership affairs to be concluded. The partnership may continue to collect debts receivable to the partnership and to pay off any obligations still owed by the partnership. Further, after dissolution of the partnership a partner can bind the partnership by continuing to engage in business activities in the name of the partnership without giving notice or advertising the fact that the partnership has been dissolved. See Revised Code Section 1775.34.
 {¶ 10} "Although the Plaintiff filed tax returns for the business as a sole proprietor, and the defendants failed to take any steps permissible under the terms of the original partnership agreement after the death of Jorge del Aquila, the plaintiff did continue to operate the business under the name of the partnership. Legal documents over the years have been written and executed in the name of the partnership, this includes documents which were involved in a legal case between the Ohio Department of Taxation and the Parkfair Motel Company, Case No. 82-CIV-894. (Had the partnership been formerly dissolved in 1979 the case should not have proceeded in the name of the partnership unless the partnership was continuing to undertake its obligations under Ohio law).
 {¶ 11} "Based upon the evidence before the court it is the finding of the Court that there has been insufficient evidence to declare the partnership to be dissolved. The request for a declaration that the partnership is dissolved and that the Plaintiff is the sole owner of the assets of the business known as the Fairfax Motel is denied.
 {¶ 12} "The defendants, in their counter-claim have requested that the Court appoint a receiver to inventory and marshal all assets and liabilities of the partnership and that the receiver prepare an accounting as to all assets and liabilities of the partnership, and that the Court set out the rights of the partners. After listening to the testimony and arguments of counsel, the Court finds that the rights as well as the responsibilities of the partners are sufficiently set forth in the original partnership agreement. Further, now that it has been determined that the partnership is still in effect, the Court finds insufficient evidence indicating a need to encumber the business or the parties with the costs and other expenses of a receiver. The parties are capable of resolving those issues. The Court orders the plaintiff to disclose to the defendants, within sixty days of the filing of this entry, a complete accounting of the assets and debts of the partnership.
 {¶ 13} "Costs to Plaintiff.
 {¶ 14} "This is a final appealable order."
 {¶ 15} The sole error assigned by Gallagher on appeal is that the trial court's judgment is contrary to the manifest weight of the evidence. The standard traditionally applied to manifest weight questions is that "judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence." Cent. Motors v. Pepper Pike
(1995), 73 Ohio St.3d 581, 584, citing C. E. Morris co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279. Weight of the evidence has been defined as:
 {¶ 16} "The inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." State v. Thompkins
(1997), 78 Ohio St.3d 380, 387 (citation omitted).
 {¶ 17} The Supreme Court has emphasized that the ability to weigh the evidence is a limited one, since "the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page."Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418. In a weight of the evidence challenge, we defer to the fact finder's decision as to which testimony to credit, and to what extent to do so. State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288. This standard allows us to "judge the credibility of opposing opinion testimony, but not of fact testimony, unless it is so incredible that it defies belief." City ofFairborn v. Boles (May 15, 1998), Greene App. No. 97 CA 110.
 {¶ 18} We have reviewed the record, including the entire transcript of the hearing, and find that the trial court's judgment is indeed supported by "some competent, credible evidence." For example, Gallagher testified that he had lost the "one paragraph" partnership dissolution agreement as a reason why he didn't present it to the court. (Tr. 20). In contrast, Silvana Del Aguila testified that she and her parents never did sign the partnership dissolution agreement that Gallagher had presented to them (Tr. 118) and she never intended to dissolve the partnership. (Tr. 119). Certainly, some of the trial court's decision was obviously based upon the credibility of witnesses and we defer to that judgment call. We find that the trial court's decision was definitely supported by the weight of the evidence. The assignment of error is overruled. The judgment is affirmed, but the case is remanded for the purpose of allowing the trial court to enforce its order to Gallagher to disclose to the defendants a complete accounting of the assets and debts of the partnership.
WOLFF, P.J. and FAIN, J., concur.